UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SAMMY L. BROWN,

        Plaintiff,

v.                                           **ORDER**

J DONAHUE, TAMMY HICKEY, MS.       6:22-CV-6549-EAW
O'DELL, and D MOORE-BASHTA,

        Defendants.
_____

    *Pro se* Plaintiff Sammy Brown ("Plaintiff"), a prisoner currently confined at the Elmira Correctional Facility ("Elmira"), filed this action seeking relief under 42 U.S.C. § 1983. (Dkt. 2). In his complaint, Plaintiff alleges that Defendants J Donahue, Superintendent ("Defendant Donahue"); Tammy Hickey, Inmate Grievance Resolution Committee ("IGRC") Chairperson ("Defendant Hickey"); and Ms. O'Dell, IGRC Supervisor ("Defendant O'Dell") (collectively "Defendants") interfered with his access to the courts and access to his legal mail. (*Id.*).

    The Court previously granted Plaintiff permission to proceed *in forma pauperis*. (Dkt. 11). The Court, noting that the complaint was unsigned, found that Plaintiff sufficiently stated a claim for interference with legal mail and granted Plaintiff leave to amend his claim for interference with access to the courts. (*Id.*).

    Plaintiff timely filed a signed amended complaint and added "D Moore-Bashta" ("Defendant Moore-Bashta") identified as "DSP" ("Deputy Superintendent of Programs"),

as a Defendant.[1]  (Dkt. 12 at 3).  Plaintiff also added "the Central Office of Albany" as a Defendant in the amended complaint.  (*Id.*).  However, the Court previously denied Plaintiff's motion to add this Defendant (Dkt. 11 at 13), and the Central Office of Albany will therefore be terminated from this action.

For the reasons that follow, the amended complaint will proceed to service against the remaining Defendants.

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims."  *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)).  The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the action (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1)-(2).

### I. PLAINTIFF'S AMENDED COMPLAINT

In evaluating a complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro*

---

[1]  The Court has updated the caption accordingly.

*se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

The amended complaint, which largely mirrors the allegations set forth in the original complaint, states that Edward Narrow ("Narrow"), Plaintiff's attorney in his underlying criminal case, sent documents to Plaintiff to assist him with challenging his conviction. (Dkt. 12 at 5). However, prison officials denied Plaintiff access to those documents. (*Id*. at 5, 6). Plaintiff attached as exhibits to the amended complaint documents demonstrating his efforts to access these materials.[2]

In response to Plaintiff's grievance seeking access to his legal documents, prison officials instructed that they be submitted on a thumb drive or CD. (*Id*. at 18). On April 21, 2022, Narrow sent documents on a DVD disk and thumb drive to Elmira.[3] (*Id*. at 34). A U.S. Postal Service tracking document indicates that an item was picked up in Elmira on April 25, 2022. (*Id*. at 35). However, on July 1, 2022, Defendant Hickey advised Plaintiff that Elmira did not receive documents from his attorney. (*Id*. at 39). Defendant

---

[2]  The Court's review of Plaintiff's claims includes exhibits accompanying the amended complaint, (Dkt. 12 at 13-46). *See Cooper v. Dennison*, No. 08-CV-6238 CJS, 2011 WL 1118685, at *1 (W.D.N.Y. Mar. 24, 2011).

[3]  The amended complaint and accompanying exhibits do not indicate that Narrow is continuing to represent Plaintiff in his criminal case.

3

Hickey stated that "[y]our attorney may need to supply another copy of the documents for your review." (*Id.*).

On July 11, 2022, Narrow sent another thumb drive to Elmira, explaining that "[t]his drive contains legal documents and discovery materials provided to [Plaintiff] by the Jefferson County District Attorney's Office, with regards to his case." (*Id.* at 17). Defendant Hickey reviewed these documents without Plaintiff's consent and denied him access when Defendant Hickey saw that they "contain[ed] autopsy photos." (*Id.* at 26). Defendant O'Dell's August 15, 2022 investigation report states that Elmira is awaiting "direction from Central Office" "due to the nature of the information contained on the CD Rom and thumb drive." (*Id.* at 19). After a hearing conducted on August 22, 2022, the grievance committee agreed with Plaintiff that he "has a legal right to any and all documents that the court deemed permiss[i]ble for him to possess." (*Id.* at 20). The committee further explained that "ANY denial or delay may be construed as a denial of access to the courts." (*Id.* (emphasis in original)).

However, on October 13, 2022, Defendant Donahue signed a Superintendent's response denying Plaintiff's grievance. (*Id.* at 16). The reason for the denial was that due to "the amount of time it would take to have someone sit with grievant and go through [the information on the thumb drive], direction was requested through DOCCS Counsel's office." (*Id.*). The Superintendent's response further states that "Counsel's office has sent a written request to grievant's attorney to have the information sent to the facility in hard copy, again no response has been received." (*Id.*).

In February 2023, Plaintiff wrote to this Court, stating that he was "still being denied access to courts." (*Id.* at 5). On July 26, 2023, Defendant Moore-Bashta told Plaintiff he

did not have a right to access his legal mail when he "want[s] to" and there was "no one to sit and baby sit" him when he reviewed his legal documents. (*Id*.). Prison officials still had not allowed Plaintiff to access the documents in electronic form by the time that he filed the amended complaint, which caused him "mental stress." (*Id*. at 6). Plaintiff seeks "[a]ll interferences with legal material sent by lawyers [to] cease and desist immediately and restitution to compensate for ongoing delay." (*Id*.). On August 17, 2023, Narrow sent Plaintiff more than nine hours of "audio and video" to review. (Dkt. 13 at 1). On September 20 and 29, 2023, Plaintiff wrote to Defendant Moore-Bashta, "so that [Plaintiff] could complete [his] review of [his] case file." (*Id*.). Defendant Moore-Bashta denied Plaintiff further access to the USB drive, stating that there is a DOCCS policy allowing Plaintiff to review his "thumb drive on a one-time basis, for . . . no longer than 2 hours." (*Id*. at 2, 7).

## II.    SECTION 1983 CLAIMS

"To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

To establish liability against an official under § 1983, a plaintiff must allege that individual's personal involvement in the alleged constitutional violation; it is not enough to

assert that the defendant is a link in the chain of command. *See McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). Moreover, the theory of *respondeat superior* is not available in a § 1983 action. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). "[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (internal quotation marks and citation omitted).

### A.   Interference with Legal Mail

As stated in the Court's first screening order, (Dkt. 11 at 7), prisoners have a well-settled First Amendment right to receive and send mail. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) (recognizing prisoners' rights to "the free flow of incoming and outgoing mail"). "[A]s few as two incidents of mail tampering could constitute an actionable violation (1) if the incidents suggested an ongoing practice of censorship unjustified by a substantial government interest, or (2) if the tampering unjustifiably chilled the prisoner's right of access to the courts or impaired the legal representation received." *Id.*

The Court previously found that Plaintiff's allegations were sufficient to allege an ongoing and prolonged censorship of Plaintiff's legal mail. (Dkt. 11 at 9). For the reasons stated in the first screening Order (*id*. at 8-9), Plaintiff's First Amendment interference with mail claim will proceed to service against all Defendants.

### B.   Access to Courts

The Court previously dismissed Plaintiff's access to courts claim, finding that he failed to allege actual injury, which requires a showing that he was hindered in efforts to

pursue a legal claim.  (Dkt. 11 at 11-12).  As stated in the first screening order, (*id*. at 9-11), the Constitution affords prisoners the right to access the courts.  *See Lewis v. Casey*, 518 U.S. 343, 350 (1996)).  In order to adequately state a denial of access to courts claim, Plaintiff must assert that he has suffered, or will suffer, "actual harm," *id.* at 349, to "plaintiff's efforts to pursue a nonfrivolous claim," *Bellezza v. Holland*, 730 F. Supp. 2d 311, 315 (S.D.N.Y. 2010) (quoting *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008)).

In his original complaint, Plaintiff alleged that the failure to provide access to the criminal court documents mailed by his attorney delayed his filing of a motion authorized by § 440.10 of the New York Criminal Procedure Law.  (Dkt. 2 at 4).  However, the Court found that because Plaintiff may raise his § 440.10 motion "at any time," the delay in filing his motion does not constitute the kind of injury or prejudice that establishes the denial of access to courts.  (Dkt. 11 at 11 (collecting cases)).

Liberally construed, the amended complaint asserts that denying Plaintiff access to his legal mail also hindered his ability to seek federal habeas corpus relief.  (Dkt. 12 at 6).  Unlike a § 440.10 motion, the time available to seek federal habeas corpus relief is limited.  28 U.S.C. § 2244(d)(1) establishes a one-year statute of limitations for federal habeas corpus proceedings.  That provision permits tolling of the limitations period while a criminal defendant seeks collateral review, stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Plaintiff alleges that his inability to access his legal documents delayed the filing of motions and petitions in state court. He asserts that because he was unable to seek collateral review of his conviction, the tolling provision set forth in § 2244(d)(2) does not apply and his habeas corpus petition is now untimely. "[A]ccess to this habeas review in particular is a fundamental aspect of the right of access to the courts." *Gray v. Commissioner of Correction*, No. 3:10CV1998 (JBA), 2014 WL 1316112, at *6 (D. Conn. Mar. 31, 2014) (denying defendant's motion for summary judgment on prisoner's access to courts claim based on denial of assistance with plaintiff's preparation of § 2254 petition), *corrected on other grounds,* 2014 WL 2178246 (D. Conn. May 23, 2014). For initial review purposes only, Plaintiff's allegations regarding the impact of his inability to access his legal documents state a plausible claim for interference with access to the courts. This claim will proceed to service against all remaining Defendants.

## CONCLUSION

For the reasons stated above, the amended complaint will proceed to service against Defendants Donahue, Hickey, O'Dell, and Moore-Bashta. The Central Office of Albany is terminated as a defendant.

## ORDER

IT HEREBY IS ORDERED that the Clerk of Court is directed to cause the United States Marshal to serve copies of the summons, amended complaint, and this Order upon Defendants Donahue, Hickey, O'Dell, and Moore-Bashta, without Plaintiff's payment therefor; and it is further

ORDERED that the Clerk of Court is directed to forward a copy of this Order by email to Ted O'Brien, Assistant Attorney General in Charge, Rochester Regional Office <Ted.O'Brien@ag.ny.gov>; and it is further

8

ORDERED that, pursuant to 42 U.S.C. § 1997e(g), Defendants are directed to answer the amended complaint upon service.

SO ORDERED.

Dated: January 2, 2024
Rochester, New York

_____
ELIZABETH A. WOLFORD
CHIEF JUDGE
UNITED STATES DISTRICT COURT