UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMMY BROWN,

              Plaintiff,

     v.

J. DONAHUE, TAMMY HICKEY, MS. O'DELL, and D. MOORE-BASHTA,

              Defendants.
_____

**DECISION AND ORDER**

6:22-CV-06549 EAW

## **INTRODUCTION**

*Pro se* plaintiff Sammy Brown ("Plaintiff") is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). The Court previously screened Plaintiff's amended complaint—the operative pleading—pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and allowed the following claims to proceed to service against defendants J. Donahue, Tammy Hickey, Ms. O'Dell, and D. Moore-Bashta (collectively "Defendants"): (1) interference with legal mail in violation of the First Amendment; and (2) denial of access to the courts. (Dkt. 15).

Presently before the Court is a motion to dismiss filed by defendant D. Moore-Bashta ("Moore-Bashta"). (Dkt. 17). Specifically, Moore-Bashta seeks dismissal of Plaintiff's claims on the basis that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (the "PLRA"), 42 U.S.C. § 1997e. (*See* Dkt. 17-1). For the reasons that follow, the Court grants Moore-Bashta's motion.

The Court further notes that it does not appear that the other defendants in this matter have ever been served with the amended complaint, and the deadline for service under Federal Rule of Federal Procedure 4(m) has expired. Accordingly, the Court hereby gives notice to Plaintiff that he must file a motion for an extension of time to serve the remaining defendants within 30 days of entry of this Decision and Order. If he fails to do so, his claims against them will be dismissed without prejudice.

## FACTUAL BACKGROUND

The factual background underlying Plaintiff's claims is set forth in detail in the Court's Decisions and Orders dated July 17, 2023 (Dkt. 11), and January 2, 2024 (Dkt. 15), familiarity with which is assumed for purposes of this Decision and Order. The Court has summarized below only those facts that are relevant to Plaintiff's failure to exhaust.

Plaintiff claims to have been denied access to legal documents mailed to him by his attorney and related to his underlying criminal case. (*See* Dkt. 12 at 5-6). Plaintiff filed a grievance, and a decision was issued by the Inmate Grievance Resolution Committee ("IGRC") on August 25, 2022. (*Id*. at 45). Plaintiff appealed to the superintendent of the facility on August 31, 2022. (*Id*.). Defendant J. Donahue, the superintendent of the Elmira Correctional Facility, denied the grievance on October 13, 2022. (*Id*. at 16, 46). On October 16, 2022, Plaintiff authored an appeal to the Central Office Review Committee ("CORC"). (*Id*. at 14). He commenced the instant action 29 days later, on November 14, 2022. (Dkt. 1).[1]

---

[1] The matter was originally filed in the United States District Court for the Southern District of New York, but was subsequently transferred to this District. (Dkt. 4). While

## PROCEDURAL BACKGROUND

After being transferred into this District (Dkt. 4), this action was administratively terminated because Plaintiff had failed to file a complete motion to proceed *in forma pauperis* ("IFP"). (Dkt. 6). Plaintiff subsequently filed a complete motion to proceed IFP (Dkt. 8), which the Court granted (Dkt. 11). The Court further screened Plaintiff's original complaint, and granted him leave to file an amended complaint. (*Id.*). Plaintiff filed the amended complaint (Dkt. 12), and—as noted above—the Court screened it and permitted an interference with legal mail claim and a denial of access to the courts claim to proceed against Defendants (Dkt. 15). Summonses were issued on January 3, 2024, but were returned unexecuted on February 22, 2024. (Dkt. 19).

Moore-Bashta subsequently appeared and filed the pending motion to dismiss, which Plaintiff has opposed. (Dkt. 16; Dkt. 17; Dkt, 24). Moore-Bashta filed a reply (Dkt. 25), and Plaintiff filed a sur-reply (Dkt. 26).[2]

---

the Southern District did not receive the complaint until November 18, 2022, it was mailed on November 14, 2022. (Dkt. 2 at 25); *see United States v. Resnick*, 451 F. Supp. 3d 262, 269 (S.D.N.Y. 2020) ("[T]he 'prisoner mailbox rule' . . . provides that an inmate's papers are deemed filed the day that they are signed and given to prison officials for mailing.").

[2]      Plaintiff did not seek or receive the Court's permission to file a sur-reply. *See* Loc. R. Civ. P. 7(a)(6) ("Absent permission of the Judge hearing the motion, sur-reply papers are not permitted."). In light of Plaintiff's *pro se* status the Court has considered his sur-reply. However, Plaintiff is cautioned that any future sur-replies filed without leave of the Court will be disregarded and not considered.

**DISCUSSION**

I.     **Legal Standard—Rule 12(b)(6)**

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

## II. Exhaustion Under the PLRA

"The PLRA requires an inmate to exhaust all available administrative remedies before bringing a federal civil rights action." *Hayes v. Dahlke*, 976 F.3d 259, 268 (2d Cir. 2020) (quotation omitted). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

In New York, an inmate must submit a grievance within 21 days of an alleged occurrence. 7 N.Y.C.R.R. § 701.5(a)(1). The IGRC then has 18 days to render a decision. *Id*. § 705.1(b)(2)(ii), (b)(3)(i). The inmate then has seven days to appeal to the superintendent of the facility. *Id*. § 701.5(c). The superintendent has 20 days to render a decision. *Id*. The inmate then has seven days to appeal to the CORC. *Id*. § 701.5(d)(1). The CORC must issue a decision within 30 days of receipt of the appeal. *Id*. § 701.5(d)(2)(ii).

## III. Plaintiff did not Exhaust his Administrative Remedies Before Commencing this Lawsuit

It is clear from the face of Plaintiff's amended complaint and the exhibits thereto that he did not exhaust his administrative remedies prior to commencing the instant lawsuit. The Second Circuit has held that an inmate "must actually wait for [the CORC] deadline to expire before filing suit." *Hayes*, 976 F.3d at 271 (affirming dismissal of claim where inmate filed his lawsuit "only 26 days after the CORC received the appeal of his grievance against the superintendent, four days short of the 30-day deadline for the CORC to respond"). Here, Plaintiff authored his appeal to the CORC on October 16, 2022. (Dkt. 12 at 14). Even making the improbable assumption that it was mailed to and received by

CORC that same day, the 30-day deadline did not expire until November 15, 2022. Accordingly, when Plaintiff commenced this lawsuit on November 14, 2022, he had not exhausted his administrative remedies.

Plaintiff's arguments to the contrary are unavailing. He first argues that because the superintendent did not render his decision within the 20-day regulatory deadline, administrative remedies were unavailable to him. (Dkt. 24 at 2). However, 7 N.Y.C.R.R. § 701.6(g)(2) provides that "matters not decided within the time limits may be appealed to the next step." Accordingly, Plaintiff could have appealed to CORC as soon as the superintendent missed the 20-day deadline. His choice not to do so does not render an appeal to the CORC unavailable.

*Hayes*, on which Plaintiff relies in support of his argument about the superintendent's timing, is distinguishable. There, the Second Circuit held that "because the DOCCS Inmate Grievance Procedure imposes a mandatory deadline for the CORC to respond, an inmate exhausts administrative remedies when he follows the procedure in its entirety but the CORC fails to respond within the 30 days it is allocated under the regulations." *Id*. at 270. The *Hayes* court explained that a contrary rule would "allow prison officials to stall the resolution of complaints—meritorious or not—for an indefinite period of time" and that "after CORC review, there is simply no next step in the grievance process—other than to file a lawsuit in court." *Id*. at 269-70 (quotation omitted). *Hayes* thus stands for the proposition that an inmate has satisfied the exhaustion requirement where "there simply were no further steps under the regulations that [he] could have taken to obtain relief on . . . his grievances." *Id*. at 271. That is not the case where the

superintendent does not issue a timely decision—in such a case, the inmate can still appeal to CORC, and can do so as soon as the 20-day deadline expires.

Plaintiff's second argument is that after he commenced this lawsuit, the 30-day deadline expired without CORC issuing a decision. (Dkt. 24 at 2). But "it is well-settled that subsequent exhaustion after suit is filed is insufficient and will not save a case from dismissal." *Hayes*, 976 F.3d at 272 (quotation and alterations omitted). And the fact that Plaintiff filed an amended complaint also cannot rectify this error. *See, e.g., Keitt v. NYS Dep't of Corr. & Cmty. Supervision*, No. 11-CV-855-LJV-MJR, 2017 WL 9471826, at *5 (W.D.N.Y. Jan. 4, 2017) ("[E]xhausting administrative remedies after filing suit but before filing an amended complaint does not satisfy the PLRA.").

For these reasons, the Court finds that Plaintiff failed to exhaust his administrative remedies prior to commencing this action. Accordingly, the Court grants Moore-Bashta's motion to dismiss, and dismisses the claims asserted against her without prejudice. *See Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004). However, because "failure to exhaust is an affirmative defense," *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004), the Court will not dismiss Plaintiff's claims against any of the other defendants on this basis.

IV.  **Service on Remaining Defendants**

As set forth above, the remaining defendants have not been served and have not yet appeared in this action. Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The 90-day deadline in

this case began to run when service was ordered on January 2, 2024, and thus expired on April 1, 2024.

Plaintiff has been granted permission to proceed IFP, and is apparently relying upon the United States Marshals Service to effectuate service. However, "[i]f a plaintiff proceeding IFP chooses to rely on the Marshals to serve the relevant parties, and it becomes apparent that the Marshals will not accomplish this by the Rule 4(m) or court-ordered deadline, [he] must advise the district court that [he] is relying on the Marshals to effect service and request a further extension of time for them to do so." *Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff has not requested an extension of time for service. If he is seeking such an extension, he must file a motion requesting the same within **30 days** of the date of this Decision and Order. If Plaintiff fails to file a motion for an extension of time to serve, the Court will dismiss the matter without prejudice pursuant to Rule 4(m).

## CONCLUSION

For the foregoing reasons, the Court grants Moore-Bashta's motion to dismiss (Dkt. 17) and dismisses the claims against her without prejudice. The Clerk of Court is directed to terminate Moore-Bashta as a defendant.

Plaintiff is hereby put on notice that the remaining defendants have not been served with the complaint within the deadline set forth in Federal Rule of Civil Procedure 4(m). If Plaintiff is seeking an extension of time for service, he must file a motion making such a request within **30 days** of the date of this Decision and Order. If he fails to file such a motion, the Court will dismiss his claims against the remaining defendants without prejudice for failure to timely effectuate service.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 25, 2024
Rochester, New York

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 25, 2024
       Rochester, New York