UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMMY L. BROWN,

               Plaintiff,

      v.

J. DONAHUE and MS. O'DELL,

               Defendants.
_____

**DECISION AND ORDER**

6:22-CV-06549 EAW

## INTRODUCTION

*Pro se* plaintiff Sammy L. Brown ("Plaintiff") is an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). The Court previously screened Plaintiff's amended complaint—the operative pleading—pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and allowed the following claims to proceed to service against defendants J. Donahue, Tammy Hickey ("Hickey"), Ms. O'Dell, and D. Moore-Bashta ("Moore-Bashta"): (1) interference with legal mail in violation of the First Amendment; and (2) denial of access to the courts. (Dkt. 15). On April 25, 2024, the Court granted a motion to dismiss filed by Moore-Bashta based on failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. (Dkt. 27). Thereafter, on August 4, 2025, Hickey was terminated as a defendant due to her death and the failure to substitute. (*See* Dkt. 33). Thus, the remaining defendants are J. Donahue and Ms. O'Dell (hereinafter "Defendants").

Presently before the Court is a motion to dismiss filed by Defendants. (Dkt. 36). Defendants seek dismissal of Plaintiff's claims on the basis that he failed to exhaust his administrative remedies as required by section 1997e of the PLRA. For the reasons that follow, the Court grants Defendants' motion.

## BACKGROUND

The factual background underlying Plaintiff's claims is set forth in detail in the Court's Decisions and Orders dated July 17, 2023 (Dkt. 11), January 2, 2024 (Dkt. 15), and April 25, 2024 (Dkt. 27), familiarity with which is assumed for purposes of this Decision and Order. The Court has summarized below only those facts that are relevant to Plaintiff's failure to exhaust.

Plaintiff claims to have been denied access to legal documents mailed to him by his attorney and related to his underlying criminal case. (*See* Dkt. 12 at 5-6). Plaintiff filed a grievance, and a decision was issued by the Inmate Grievance Resolution Committee ("IGRC") on August 25, 2022. (*Id.* at 45). Plaintiff appealed to the superintendent of the facility on August 31, 2022. (*Id.*). Defendant J. Donahue, the superintendent of the Elmira Correctional Facility, denied the grievance on October 13, 2022. (*Id.* at 16, 46). On October 16, 2022, Plaintiff authored an appeal to the Central Office Review Committee ("CORC"). (*Id.* at 14-15). He commenced the instant action 29 days later, on November 14, 2022. (Dkt. 1).[1]

---

[1] The matter was originally filed in the United States District Court for the Southern District of New York, but was subsequently transferred to this District. (Dkt. 4). While the Southern District did not receive the complaint until November 18, 2022, it was mailed on November 14, 2022. (Dkt. 2 at 25); *see United States v. Resnick*, 451 F. Supp. 3d 262,

As noted above, this Court has already dismissed the claims against Moore-Bashta for failure to exhaust administrative remedies as required by the PLRA. (Dkt. 27). Defendants now seek the same relief with the pending motion to dismiss. (Dkt. 36). Plaintiff filed a memorandum in opposition. (Dkt. 38).

## DISCUSSION

### I.   Legal Standard—Rule 12(b)(6)

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). A court should consider the motion by "accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To withstand dismissal, a claimant must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

---

269 (S.D.N.Y. 2020) ("[T]he 'prisoner mailbox rule' . . . provides that an inmate's papers are deemed filed the day that they are signed and given to prison officials for mailing.").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

## II.     Exhaustion Under the PLRA

"The PLRA requires an inmate to exhaust all available administrative remedies before bringing a federal civil rights action." *Hayes v. Dahlke*, 976 F.3d 259, 268 (2d Cir. 2020) (quotation omitted). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).

In New York, an inmate must submit a grievance within 21 days of an alleged occurrence. 7 N.Y.C.R.R. § 701.5(a)(1). The IGRC then has 18 days to render a decision. *Id.* § 705.1(b)(2)(ii), (b)(3)(i). The inmate then has seven days to appeal to the superintendent of the facility. *Id.* § 701.5(c). The superintendent has 20 days to render a decision. *Id.* The inmate then has seven days to appeal to the CORC. *Id.* § 701.5(d)(1). The CORC must issue a decision within 30 days of receipt of the appeal. *Id.* § 701.5(d)(2)(ii).

**III.   Plaintiff did not Exhaust his Administrative Remedies Before Commencing this Lawsuit**

It is clear from the face of Plaintiff's amended complaint and the exhibits thereto that he did not exhaust his administrative remedies prior to commencing the instant lawsuit. The Second Circuit has held that an inmate "must actually wait for [the CORC] deadline to expire before filing suit." *Hayes*, 976 F.3d at 271 (affirming dismissal of claim where inmate filed his lawsuit "only 26 days after the CORC received the appeal of his grievance against the superintendent, four days short of the 30-day deadline for the CORC to respond"). Here, Plaintiff authored his appeal to the CORC on October 16, 2022. (Dkt. 12 at 14). Even making the improbable assumption that it was mailed to and received by CORC that same day, the 30-day deadline did not expire until November 15, 2022. Accordingly, when Plaintiff commenced this lawsuit on November 14, 2022, he had not exhausted his administrative remedies.

Plaintiff's only argument in opposition to the pending motion is that "special circumstances" justified his failure to exhaust. (Dkt. 38 at 2). Namely, Plaintiff contends that he had to "hurriedly" commence this action to stop Defendants from withholding his legal documents needed to pursue relief in his criminal case. (*Id.* at 3). But in *Ross v. Blake*, 578 U.S. 632 (2016), "the Supreme Court made it clear that courts may not excuse a prisoner's failure to exhaust because of 'special circumstances.'" *Allen v. Doe #1*, No. 9:21-CV-675 (LEK/ATB), 2022 WL 7276713, at *2 (N.D.N.Y. Apr. 15, 2022), *report and recommendation adopted*, No. 9:21-CV-00675 (LEK/ATB), 2022 WL 4354368 (N.D.N.Y. Sept. 20, 2022) (quoting *Ross*, 578 U.S. at 640).

For these reasons, as well as the reasons set forth in the Court's Decision and Order filed April 25, 2024 (Dkt. 27), the Court finds that Plaintiff failed to exhaust his administrative remedies prior to commencing this action. Accordingly, the Court grants Defendants' motion to dismiss, and dismisses the claims without prejudice. *See Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004).

## CONCLUSION

For the foregoing reasons, the Court grants Defendants' motion to dismiss (Dkt. 36) and dismisses the complaint without prejudice. Because all claims have been dismissed without prejudice for failure to exhaust, the Clerk of Court is directed close the case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: March 2, 2026
       Rochester, New York